Judgment reversed and a new trial ordered, with costs of appeal to the Supreme Court and Court of Appeals to the defendants.

---

GEORGE T. LEAIRD, Respondent, *v.* ELIZA F. SMITH and JOSIAH M. FISKE, Appellants.

Under a contract for the sale of land, a portion of the purchase-money to be paid on a specified day and the remainder to be then secured by bond and mortgage, " to be delivered on the delivery of a deed," if the money is paid, a tender of the deed is necessary to put the vendee in default or work a forfeiture so as to defeat his right to a specific performance.

If an extension of the time for the cash payment is given, at the request and for the accommodation of the vendee, with notice that the contract must be closed at the expiration of that time and that no longer extension will be given, upon payment being then made a tender of the deed is still necessary to put the vendee in default.

So long as neither party makes any tender, of the deed on the one hand, or of the bond and mortgage or money on the other, neither party is in default, and the contract subsists. Either party may make the proper tender and insist upon specific performance, at any time, until barred by a statute of limitations.

Equity will sometimes refuse specific performance on the ground of laches and great delay; but not when the delay is by common consent and has occasioned no injury to the party complaining.

(Argued May 5th; decided September 13th, 1871.)

Appeal from an order of the General Term of the Common Pleas of the city of New York, affirming a judgment of the Special Term in favor of the plaintiff, in an action for the specific performance of a contract for the sale of land, brought by the vendee against the vendor and her agent.

The facts as found at Special Term are substantially as follows:

On the 1st day of October, 1858, the plaintiff and defendant, Smith, entered into an agreement, in writing, at the city of New York, as follows:

"New York, October 1st, 1858.—Received of George T. Leaird $100, on account of $900, consideration money, on a purchase by him and sale by me, of lot of land, described as follows, to wit.: Beginning at a point on the easterly side of Third avenue, distance fifty feet five inches northwardly from the corner formed by the intersection of said easterly side of Third avenue with the northerly side or line of One Hundred and Eighteenth street, and running thence eastwardly, on a line parallel with One Hundred and Eighteenth street, 100 feet; thence northwardly, on a line parallel with Third avenue, twenty-five feet; thence westwardly, on a line parallel with One Hundred and Eighteenth street, 100 feet to the easterly line of Third avenue, and thence southwardly, along said line of

Third avenue, twenty-five feet to the place of beginning, said lot being twenty-five feet front on Third avenue by 100 feet deep.

"Four hundred dollars more to be paid in cash, on or before 7th January, 1859, on the delivery of the deed, and four hundred dollars to be secured by bond and mortgage on the lot of ground (at seven per cent per annum), half yearly interest, payable on or before two years from date thereof; said payment to be made, and bond and mortgage to be delivered on the delivery of the deed from me, free of incumbrances, which shall be on or before the 7th day of January next; bond and mortgage to be dated October 1st, 1858, and the interest on four hundred dollars to be paid from October 1st to January 7th.

"ELIZA F. SMITH,

by J. M. FISKE,

GEORGE T. LEAIRD."

The defendant Fiske was agent of the defendant Smith, who was the owner of the premises described in the agreement. The premises at that time were worth $900, and had become worth $1,600. The plaintiff was the owner at that time and since of the two lots immediately south of the premises and of the lot directly north of them, and the premises were located between his lots and adjoined them.

The plaintiff paid $100 in cash to Fiske on the execution of the agreement, and on or about January 7th, 1859, he paid another $100 in money, and gave his note for $300 at sixty days, which was paid at maturity. This modification of the agreement took place at the plaintiff's request and as an accommodation to him.

The plaintiff has been ready and willing at all times to execute the necessary bond and mortgage, and the defendants have never delivered or offered to deliver, or tendered to the plaintiff the deed required by the agreement, nor demanded from him the execution of the bond and mortgage.

The plaintiff knew the place of business of the defendant Fiske. The precise residence of the plaintiff was not known

to the defendants or either of them. The defendant Fiske made some inquiry as to the residence of the plaintiff, but such inquiry was not pursued in good faith for the purpose of ascertaining such residence, and by proper and diligent inquiry the plaintiff could have been found or his whereabouts ascertained, so as to have put him in default, if the defendants had considered time as of the essence of the contract, but all parties treated time as a matter of indifference.

The defendants, after the payment of $500, acted as though the bond and mortgage were deemed an unnecessary security.

The plaintiff never, at any time, meant or intended to relinquish his purchase, and it possessed peculiar value to him on account of its relation to his other adjoining lots.

After the extension of the agreement, the defendant Smith caused to be prepared a deed for the plaintiff of the premises, in conformity to the agreement, and duly executed and acknowledged the same, and caused to be prepared a bond and mortgage conditioned as mentioned in the agreement, the deed so executed and so acknowledged, and the bond and mortgage, were left with the defendant Fiske, the agent of the defendant Smith, and were ready to be delivered and exchanged by him at the maturity of the note; but the plaintiff did not call upon Fiske, nor offer to execute the bond and mortgage, until in or about the spring of 1862 or 1863, when the plaintiff (by his lawful agent) offered to the defendants to execute the requisite bond and mortgage, pay the balance of the principal then due, and all interest in arrear thereon, and all moneys due, owing or payable in any way for or on account of the property or under the contract of purchase, and to perform every thing required by the agreement; and this offer was renewed again shortly before the commencement of this action (March 12, 1864); but in both instances the offer was peremptorily declined by the defendants, and they refused to recognize any right whatever on the part of the plaintiff to the property.

The defendants have kept the $500 paid on account of the agreement; have never offered to return it to the plaintiff, and have insisted that it, with any rights under the agreement, was absolutely forfeited by the plaintiff.

And the court found as a conclusion of law, that no legal or equitable reasons appeared or existed why a judgment for a specific performance should not be rendered in favor of the plaintiff, and ordered judgment accordingly.

*Samuel Hand*, for the appellants, cited *Chase* v. *Hogan* (3 Abb., N. S., 47); *Benedict* v. *Lynch* (1 Johns. Ch., 377); *Drew* v. *Duncan* (11 How., 279); *Ballard* v. *Walker* (3 Johns. Cas., 60); Story Eq. Jur., § 776; *Nutward* v. *Thanet* (5 Ves., 720, n. *b*); *Rogers* v. *Saunders* (15 Maine, 99); *Watt* v. *Rogers* (2 Abb., 261); *Alley* v. *Deschamps* (13 Ves., 228); *Gale* v. *Archer* (42 Barb., 320); *Wiswall* v. *McGown* (2 id., 270); *Fries* v. *Ryder* (24 N. Y., 367); *Mason* v. *Lord* (40 id., 476); *Putnam* v. *Hubbell* (42 id., 106); *Wegman* v. *Childs* (41 id., 159).

*John Graham*, for the respondent, cited *Lester* v. *Jewett* (11 N. Y., 453); 1 Story Eq. Jur., by Redfield, §§ 717, 742; *Smedberg* v. *More* (8 Paige, 600); *S. C.* (26 Wend., 238); *Price* v. *McGown* (10 N. Y., 465); *Lobdell* v. *Lobdell* (36 id., 327); *Crary* v. *Smith* (2 Comst., 60).

EARL, C.   I can see no reason to doubt that the judgment below was authorized by the facts of the case.   The plaintiff paid down $100.   He was to pay $400 more on or before the 7th of January following.   Not being ready then to pay, it was arranged, for his accommodation, that he should pay $100, and give his note for $300, at sixty days.   This he did; and he paid the note at maturity.   He had then paid $500, leaving $400, which he was to secure by bond and mortgage dated October 1, 1858, and payable in two years, or sooner.   By the contract, as modified by taking the note and thus extending the time of performance, the deed was to be given when

the note was paid. Except to pay the note, the plaintiff had nothing more to do until the deed was tendered, and then he was to give the bond and mortgage.

It is true that Fiske told plaintiff, at the time he gave him the extension, that the business must be closed at the maturity of the note, and that no longer extension would be given. This simply required plaintiff to pay his note at maturity, to save his default, and then he could not be put in default until the deed was tendered, and he was thus required to give the bond and mortgage. As no place was mentioned in the contract for performance, and both parties resided in the State, the vendee could not put the vendor in default without seeking her and offering to perform on his part, and demanding the deed; and the vendor could not put the vendee in default without seeking him and tendering the deed and demanding the bond and mortgage. (*Franchot* v. *Leach*, 5 Cow., 506; *Smith* v. *Smith*, 2 Hill, 350; 2 Parsons on Cont., 160.) Here nothing was done by either party to put the other in default until 1862, when the plaintiff demanded the deed and offered to pay the balance of the purchase-money. The defendants then refused to perform, declared the contract forfeited, and claimed to keep both the land and the $500 paid.

The proof tends to show, and the court found that the vendor could have found the plaintiff, by the exercise of reasonable diligence and good faith, and hence, the defendants cannot claim the position of a vendor who could not find the vendee for the purpose of making a tender of performance. Hence, the defendants had no right to declare the contract forfeited on account of any default on the part of the plaintiff, and they can have no defence to this action, based on such default.

Courts of equity will sometimes refuse specific performance to a party who has been guilty of laches and great delay. But here the delay seems to have been, and was found by the court to have been by common consent, and it does not appear that the vendor was in any way damaged by the delay. Performance, when offered by the plaintiff in 1862, so far as appears

in the case,.would have been just as beneficial to her, as if it had been in March, 1859.

Hence, I see no reason for disturbing the judgment below, and it must be affirmed with costs.

LEONARD, C. The evidence, on examination, appears to support the facts as found by the judge before whom this action was tried. There is no fact so found, as to which it can be said that there is no evidence tending to maintain it. When there is evidence which, if credited by the judge, referee or jury before whom the action was tried, maintains the facts as found, or supports the verdict as rendered, this court is not at liberty to disturb the report or the verdict. Such I conceive to be the situation of the present case. It is only when there is an entire failure of evidence that this court are at liberty to reverse a judgment upon the facts. Here, the facts as found are plainly deducible from the evidence, and the exceptions on that ground are not well taken.

The contract of the parties names a day when a sum of money is to be paid, amounting, with the sum paid when it was signed, to $500, the whole consideration being $900. On the day when the last payment was to have been made, according to the terms of the contract, the defendant Smith was to deliver her deed for the land on receiving the said payment, and the plaintiff agreed to deliver his bond and mortgage for the residue of the consideration, $400, payable in two years, with half yearly interest, on the delivery of the deed by the defendant Smith, free of incumbrance. On the day named the sum of $100 was paid, and a note for sixty days for the residue of the cash payment was accepted by the defendants, and the time for the exchange of the deed and the bond and mortgage was extended to the following 14th March, when the note became payable. The defendants notified the plaintiff when the note was accepted and the time extended, that the business must be closed when the note became due.

The plaintiff paid the note at maturity, but neither party

insisted upon closing the contract by the final exchange of papers, as provided by the agreement. The provisions of the contract were dependent upon performance by the other, before either could be put in default. A period was fixed when either of them, by the performance of the stipulated condition, could put the other in default. No such step was taken. The contract remained without further performance by either party for five years. The rights of the parties were not affected by the notice of the defendants that they would insist upon closing the contract at the extended day. They did not do so by a tender of their deed and a demand of the bond and mortgage. This was a condition precedent to the delivery of the mortgage. It is impossible to perceive that either party could complain of the other without first tendering a full performance. Both parties remained passive. The contract was not annulled or abrogated by the omission or neglect to act for the purpose of bringing it to a termination. Slumbering upon their respective rights would terminate the contract only by such an efflux of time as would create a bar by the statute of limitations. Within that period the plaintiff offered to pay up the sum remaining due, and demanded a deed. This was refused, the defendants claiming that the plaintiff had forfeited all right to a deed by his neglect to deliver his bond and mortgage at the appointed time, and that he had no just or legal claim for a repayment of the sums theretofore paid by him. The claim made by the defendants was not as upon a rescission, but for a forfeiture of the contract. The plaintiff had neglected its performance no more than the defendants, and his right of action either to recover damages of the defendant Smith for non-performance, or for a specific performance, after a tender of the mortgage or the money, the two years having expired, was still perfect when the deed was demanded.

The defendants insist that they were unable to find the plaintiff in order to tender the deed after the payment of the note, and that they are for that reason excused from an offer to perform. This statement is hardly to be credited, inas-

much as the plaintiff was generally to be found within the city of his residence. If true, however, the defendants were not without remedy. The rights of the plaintiff could have been foreclosed by an action, and if the defendant could not be personally served, another manner of service is provided by the Code, if a proper case should be presented.

The judgment should be affirmed.

All concur for affirmance. Judgment affirmed with costs.