63b 205
13ap541

## VAN CAMPEN *vs.* KNIGHT.

By a contract, in writing, dated March 29, 1871, K. of the ·first part, for the consideration therein specified, to be kept and performed by V. of the second part, agreed to sell to V. certain premises therein described, for the sum of $2000, to be paid as follows: $600 *on or before the* 10*th day of April then next,* and $1400 to be paid in three equal annual payments, with annual · interest. And it was mutually agreed "that *at the time of making the payment of the sum of* $600, *and on or before the first day of May next,* the said *party of the first part shall convey* the above described premises to the said party of the second part, by a good and sufficient deed, * * and take back from said second party a mortgage on said premises, to secure the payment of the said sum of $1400, upon the terms above named;" and that V. might enter into immediate possession. V. took possession, and, on the 12th of April, tendered $600, with two days' interest, to K., which he refused to accept. On the 17th V. prepared a bond and mortgage, and. tendered it to K.; and presented a blank deed for him to execute. He refused to accept the one, or execute the other. In an action by the purchaser, for specific performance,

*Held,* 1. That the fair and reasonable construction of the agreement was, that the making of the first payment, and the delivery of the deed, were to be concurrent acts; such being the manifest intention of the parties.

2. That inasmuch as the clause fixing the time for the delivery of the deed named, first, the very day previously specified for making the first payment, (April 10th,) and, secondly, another day, ("on or before the 1st day of May next,") in order to give certainty to the contract, and enable the court to determine the rights of the parties, under it, one of the days named must be regarded as unintentionally inserted.

3. That good sense, as well as the justice of the case, clearly indicated the day last named as inserted by mistake; and that after making the first payment of $600, the remainder of the purchase money was to be secured on the land by bond and mortgage bearing interest from that day, and payable in annual installments on that day.

4. That the covenant to pay, and the covenant to deed, were dependent obligations, and each was a condition precedent to the other. That the consideration for the payment of $600 of the purchase money was the delivery of the deed, not the vendor's *promise* to deliver a deed.

5. That the plaintiff was not in default, in not paying the $600 on the 10th of April, for the reason that the defendant did not have in readiness his deed, and was unwilling, then and there, to convey the premises, as promised in his covenant.

6. That neither party was, either in law or equity, in default, until the other offered to perform his part of the agreement, in full. That both *failing to* perform their mutual covenants on the contract day, each impliedly waived

strict performance as to time, and the agreement remained in full force and effect.

7. That the plaintiff had the right to demand of this court the aid of its equity powers, to enforce a specific performance of the agreement. And that he had made a case for the recovery of damages, in an action at law.

THIS is an appeal from a judgment directing the specific performance of a contract, for the sale of real estate. The plaintiff is the vendee, and the defendant the vendor, named in the contract.

The cause was tried at a special term held in Cattaraugus county.

*J. B. Finch,* for the appellant.

*David H. Bolles,* for the respondent.

*By the Court,* BARKER, J.   The executory contract entered into between these parties, for the sale of the land in question, is as follows:

"Articles of agreement made this 29th day of March, 1871, by and between Henry Knight, party of the first part, and George Van Campen, party of the second part, witnesseth, that the said party of the first part, for the consideration hereinafter contained, to be kept and performed by the said party of the second part, agrees to sell, and does hereby sell, unto the said party of the second part, for the sum of two thousand dollars, all these lands, (describing them, and containing twenty acres,) to be paid in the manner following, that is to say: Six hundred dollars, *on or before the* 10*th day of April next,* and the remaining sum of fourteen hundred dollars to be paid as follows: in three equal annual payments, with annual interest on all sums remaining unpaid at the time of each payment. It being the option of the said party of the second part to pay the whole sum remaining unpaid at the time of each payment.

Van Campen v. Knight.

And it is mutually agreed by and between the parties hereto, *that at the time of making the payment of the sum of six hundred dollars, and on or before the first day of May next, the said party of the first part shall convey* the above described premises to the said party of the second part, by a good and sufficient deed, free and clear of all incumbrances, with the usual covenant of warranty, and take back from the said second party a mortgage on said premises to secure the payment of the said sum of fourteen hundred. dollars, upon terms above named, and that the said party of the second part may enter on the said premises to make improvements, or commence farm labor or work, at any time after this date."

On the 4th day of April, following, the plaintiff went into the possession of the premises, and commenced making improvements, with his men and teams. On the 12th of April the plaintiff tendered the first payment of $600, with two days' interest thereon, which the defendant refused to accept, claiming the plaintiff had not paid as he agreed. The money was then placed in the hands of a third person subject to the defendant's order, and he notified of the same. On the 17th the plaintiff prepared a bond and mortgage and tendered it to the defendant, and also presented a blank deed to the defendant, and asked him to execute the same, and this he refused to do. Then this action was commenced.

The question first to be disposed of is, when, by the terms of the contract, was the vendor to deliver the deed to the vendee. It seems a fair and reasonable construction, that the making of the first payment and the delivery of the deed were to be concurrent acts. Such was the manifest intention of the parties. The clause in the contract fixing the time for the delivery of the deed, first names, specifically, the very day previously named for making the first payment. There is nothing in the remaining part of the sentence, indicating that a different

day from the one already named was intended, as a time within which the vendor might deliver the deed, except the fact that another day is named. To give certainty to this contract, ánd enable the court to determine the rights of the parties under the same, one of these days named must be regarded as unintentionally inserted. The good sense of the thing, as well as the justice of the case, clearly indicates the day last named as inserted by mistake. . After making the first payment of $600, the remaining portion of the purchase money was to be secured on the land, by bond and mortgage bearing interest from that day, and payable in annual installments on that very day.

Giving this construction to the reading of the contract, the remaining question has a ready and simple solution.

The covenant to pay, and the covenant to deed, are dependent obligations, and each is a condition precedent to the other. The consideration for the payment of the $600 of the purchase money, is the delivery of the deed, not the vendor's *promise* to deliver a deed. The plaintiff was not in default, in not paying $600, on the 10th of April, for the reason that the defendant did not have in readiness his deed, and was unwilling, then and there, to convey the premises, as promised in his covenant. Neither party, either in law or equity, was in default, until the other performed or offered to perform his part of the agreement in full. Both failing to perform their mutual covenants on the contract day, each impliedly waived strict performance as to time, and the agreement remained in full force and effect. The plaintiff, within two days thereafter, offered in all things to execute the agreement on his part, and demanded from the defendant like action on his part, and he refused. The plaintiff has not attempted to stand on his own broken promises. He has the unquestioned right to demand of this court the aid of its equity powers, to enforce a specific performance of the agreement. He has made a case for the recovery of damages in an action at

·law. (2 *Pars. on Cont.* 528, 5th ed. *Grant* v. *Johnson,* 1 *Seld.* 247. *Leaird* v. *Smith*, 44 *N. Y.* 618. 2 *Smith's Lead. Cas.* 14, *and cases there cited. Glazebrook* v. *Woodrow*, 8 *T. R.* 366.) The decree appealed from should be affirmed, with costs.

[FOURTH DEPARTMENT, GENERAL TERM, at Buffalo, June 4, 1872. *Johnson, Talcott* and *Barker*, Justices.]