ANNA M. HOAG, Respondent, v. RICHARD PARR, Appellant.

13 95
30ap118
30ap120
13h 95
f167a111

*Contract for sale of lands — note given upon signing contract — in an action upon the note plaintiff must prove performance of the contract — Tender.*

On November 15, 1875, the parties to this action entered into an agreement, whereby the plaintiff agreed to sell certain land to the defendant, and to deliver the deed on December fifteenth, the defendant to pay on that day a note for $500, given when the contract was signed, and $3,300 in cash, being the balance of the purchase-money.

In an action by the plaintiff upon the note, given at the time of the signing of the contract, *held*, that it rested upon her to prove a performance or tender of performance of the contract upon her part, and that, failing so to do, she was not entitled to recover.

There being no place specified in the contract for the delivery of the deed and the payment of the money, and the defendant being a resident of this State, the plaintiff was bound to find the defendant and make a tender to him personally, or at least to show that after thorough efforts and inquiries he was unable to find him.

In order to excuse a personal tender, it must appear that the defendant was out of the State, beyond plaintiff's reach, or else that he intentionally avoided him or kept out of his way.

APPEAL from a judgment in favor of the plaintiff entered upon the verdict of a jury, and from an order denying a motion for a new trial made upon the minutes of the justice before whom the action was tried.

The action was brought upon a promissory note for $500, dated November 15, 1875, and payable December fifteenth of that year. The answer was a general denial and an affirmative defense that the note was given in pursuance of a contract which the plaintiff had failed to fulfill. The contract was for the sale of certain land by the plaintiff to the defendant. The contract provided, among other things, as follows: " And the said party of the first part further agrees that, on the fifteenth day of December, on receiving from the said party of the second part the sum of $3,800, the said party of the first part shall and will, at her own proper costs and expense, execute and deliver to the said party of the second part, or to his assigns, a proper deed of conveyance, duly acknowledged, for the conveying and assuring

to him and them the fee simple of the said premises free from all incumbrances, which deed of conveyance shall contain a general warranty and the usual covenants.

"And the said party of the second part hereby agrees to purchase of the said party of the first part the premises above mentioned at and for the price and sum above mentioned, and to pay to the said party of the first part the purchase-money therefor, in manner and at the times following, to wit: On the fifteenth day of December next a note given by the party of the second part for $500, and a further sum of $3,300."

It was insisted by the defendant that the plaintiff had never made a tender of the deed, and could not therefore recover upon the note.

*G. R. Hitt* and *R. W. Peckham*, for the appellant. The action was on a note, which was given at the same time as the contract, and to carry it out. To recover on the note, a tender or offer of the deed must first have been shown, for the payment of the price and the conveyance of the land were dependent or concurrent acts. (*Beecher* v. *Conradt*, 13 N. Y., 108; *Smith* v. *McCluskey*, 45 Barb., 610; *Holmes* v. *Holmes*, 12 id., 137; *Divine* v. *Divine*, 58 id., 264; *Thomson* v. *Smith*, 63 N. Y., 301–304.) The plaintiff failed to show a tender or an excuse for its absence, assuming the truth of the evidence upon her part. (*Slingerland* v. *Morse*, 8 Johns., 474; *Smith* v. *Smith*, 2 Hill, 351, correcting report of same case in 25 Wend., 405; *Leonard* v. *Smith*, 44 N. Y., 618.) There must be an intentional evasion or keeping out of the way to excuse the tender of the deed, or the party must be out of the State. (*Dwight* v. *Webster*, 32 Barb., 47; *Hale* v. *Patten*, 60 N. Y., 233; *Ferris* v. *Ferris*, 16 How., 102.)

*Alonzo P. Strong*, for the respondent. When the vendee is not entitled to his deed upon the payment sought to be recovered, delivery of deed is not a condition precedent. As instances of the application of this rule, we have *Morris* v. *Sliter* (1 Denio, 59), *Greenby* v. *Cheevers* (9 Johns., 126), *Harrington* v. *Higgins* (17 Wend., 376), *Robb* v. *Montgomery* (20 Johns, 15). In the case at hand, the defendant, reading the note and agreement of sale as an

entire contract, was not entitled to a deed upon payment of the note only, but upon the further act on his part of payment of the balance, $3,300. Till that, or tender of it, the plaintiff was under no obligation to pass the deed. The matter stands, then, with the absolute, unconditional promise represented by the note on the one side, which is sought to be modified by the special contract on the other, that contract showing something still to be performed on part of defendant before plaintiff could be called upon to act. Even if failure of plaintiff to perform or offer to perform the contract of sale would prevent a recovery upon the note, the burden of proving such failure rests upon defendant, and exceptions of defendant based upon the contrary assumption are not well taken. The note, upon its face, is an absolute, unconditional promissory note. It, therefore, imports a consideration still subsisting, and the burden of proof rests upon the maker to establish the contrary. (Story on Prom. Notes, § 181; *Sawyer* v. *McLouth*, 46 Barb., 350; *Kinsman* v. *Birdsall*, 2 E. D. Smith, 395; *Bank of N. Y.* v. *Topping*, 13 Wend., 557, 569; *Pres't Turnpike Co.* v. *Hurten*, 9 Johns., 216; *Bank of U. S.* v. *Davis*, 2 Hill, 451, 459.) If the absolute, unconditional promise to pay be varied by some contemporaneous written agreement, showing the note payable upon some condition only, such collateral agreement is matter of defense, to be pleaded, and the plea must negative the happening of the condition. (2 Parsons on Bills, 537; *Holbrook* v. *Wilson*, 4 Bosw., 64; *Jenninson* v. *Stafford*, 1 Cush., 168; *Smalley* v. *Bristol*, 1 Mich., 153; *Averill* v. *Field*, 3 Scram., 390; *Thayer* v. *Connor*, 5 Allen, 25.) The attendance by plaintiff's agent at the residence of the defendant, with deed executed and acknowledged, and the offer to complete and perform the contract on part of the plaintiff, under the circumstances disclosed, was a sufficient tender or offer to perform. The offer was properly made at defendant's house. The contract not specifying the place, a tender at the residence of the party is sufficient. (*Smith* v. *Smith*, 25 Wend., 405; *Martin* v. *Wells*, 1 Tyler [Vt.], 381; *Kensall* v. *Talbot*, 1 Marsh. [Ky.], 321; *Sweet* v. *Harding*, 19 Vt., 592.) Under the circumstances plaintiff was excused from making any effort to see defendant personally, and from making a personal offer or tender to him, and a tender at the residence was sufficient. (*Smith* v. *Smith*, 25 Wend.,

351; 2 Hill, 351; *Judd* v. *Ensign*, 6 Barb., 258; *Southworth* v. *Smith*, 7 Cush., 391; *Tasker* v. *Bartlett*, 5 Cush., 359.)·

OSBORN, J.:

The note upon which this action was brought was given on the same day as the written contract for the sale and purchase of certain lands in Schoharie county, executed by the parties. It was made due on the day the contract was to be consummated by the delivery of the deed and the payment of the residue of the purchase-money, $3,300. Indeed, the note was given for a portion of the purchase-price, and its consideration was clearly and only for the conveyance of the lands to be made December 15, 1875, the very day the note became due.

In my judgment the plaintiff could no more recover on this note without showing a performance of the contract, viz., the execution and delivery of the deed called for thereby, or a tender of performance, such as the law requires, than she could recover in an action for the residue of the purchase-money. Indeed, it was tried upon this theory at the Circuit, and while there was some dispute as to which party had the affirmative of this issue, the learned justice who presided at the trial regarded this as a necessary and vital issue. This is apparent from the case as made, from the evidence given and the charge of the judge. It is not pretended that there has ever been a delivery to the defendant of any conveyance as called for by the contract, but the defendant still is in possession and still retains the title of the lands embraced therein.

But it is claimed that there was a sufficient tender of performance by plaintiff to put the defendant in default. The lands which were the subject of sale are located in Schoharie county. The plaintiff resides in Schenectady, and the defendant in the city of Albany. In the contract there is an omission to designate any place for the delivery of the deed or the payment of the money. On the day named for the delivery of the deed the plaintiff's husband came to the city of Albany with a deed duly prepared and executed, and went to the defendant's house and there had an interview with the wife of defendant. Just what took place, or rather what was said on that occasion by the plaintiff's husband and the defendant's wife is the subject of some conflict, but as the jury found for the plain-

tiff we must assume, for the purposes of this appeal, the truth of the statement or evidence given by him on the trial.

Assuming all this to be true, there was no such tender or offer of performance on the part of the plaintiff as would enable her to recover the purchase-price, or on this note, or to maintain an action for a specific performance. Very likely enough was done to excuse plaintiff, if defendant should undertake to maintain an action against her on account of this contract, but not enough to put defendant in default so as to recover against him in any form of action. It must be borne in mind that, under this contract, taken in connection with the note, the payment of the note, the payment of the residue of the purchase-price and the conveyance of the land, were dependent and concurrent facts. (*Beecher* v. *Conradt*, 13 N. Y., 108 ; *Thomson* v. *Smith*, 63 id., 301–304.)

If the defendant wished a conveyance it was his duty to go to the plaintiff, tender payment on his note, the residue of the purchase price, and demand a deed. On the other hand, if plaintiff desired her money she was bound to go to defendant, tender to him a conveyance such as was called for in the contract, and such as would convey to him a title free and clear of all incumbrances, and demand her money. It is not pretended that, prior to the day fixed for the performance, the defendant had ever said or done any thing that would relieve the plaintiff from doing every thing that the law requires in order to put defendant in default. When the husband of plaintiff called at defendant's house and stated that he had his deed ready to deliver, he found Mrs. Parr ; her husband, though not in the house, was in the city all that day, and was at the very place where plaintiff's husband was informed he could be found. And yet the plaintiff's agent contents himself with that one call and one interview, on that day, and with no other or further effort to find defendant, or to have a personal interview with him. The defendant swears, and this is uncontradicted, that he told his wife before leaving home to inform plaintiff where he could be found in the event of his calling, and he was at the place named during the entire day, as is most conclusively established.

True, the plaintiff's husband testifies that she told him he had better not try to see defendant, as he was much excited over some important suit which he had in court. But this amounted to

nothing, even if she had authority to make any such statement, which does not appear. There is no evidence from which a pretense can be drawn that defendant purposely absented himself from his home on that day or at any other time, to avoid meeting plaintiff or her agent, or that he kept himself secreted or concealed for any such purpose. On the contrary, he was in the court room nearly all day, awaiting the trial of an important case in which he was interested. The husband of plaintiff then left. He exhibited no deed, nor does it appear that he made any further effort or inquiry to find defendant on the occasion. On two different occasions after that day — on December twentieth and February eleventh — he called at defendant's house, the defendant being absent on each occasion, and he did not see him at all after that before this action was commenced.

These are all the facts bearing on the question of the plaintiff's tender of performance, or any attempted tender of performance. It seems to me that they fall far short of establishing what was necessary, in order to make a sufficient tender of performance to enable plaintiff to maintain any action, based upon the failure of defendant to keep his contract. There being no place specified in the contract for the delivery of the deed and the payment of the money, the plaintiff was bound to find the defendant and make such tender to him personally, he having a residence within this State; at least he was bound to show that, after thorough efforts and inquiries, he was unable to find defendant to make such tender. No well-adjudicated case can be found that will sustain the position that here was a sufficient tender of performance to enable plaintiff to maintain any action, whether upon the note to compel specific performance, or for damages. (*Slingerland* v. *Morse*, 8 Johns., 474; *Smith* v. *Smith*, 2 Hill, 351; *Leaird* v. *Smith*, 44 N. Y., 618.) The rule seems to be well settled, that in order to excuse the tender to defendant personally, he must be out of the State, beyond the reach of the plaintiff, or else there must be intentional evasion or keeping out of the way. It will not answer to say that because the defendant was temporarily from his residence when the plaintiff or her agent called, that he is relieved from any further effort or diligence to make the tender. (*Dwight* v. *Webster*, 32 Barb., 47; *Hale* v. *Patton*, 60 N. Y., 233; *Ferris* v. *Ferris*, 16 How., 102.)

As I am entirely satisfied that the tender of performance, as proved in this case, was insufficient to warrant the verdict or even the submission of the case to the jury, it is unnecessary to examine the other questions raised by the defendant — one as to whether the court erred in his decision as to which party was charged with the burden of proof, and another as to whether this action could be maintained, assuming there had been a complete tender of performance, and refusal; in a word, whether the plaintiff's only remedy in that event would not be a bill in equity to enforce specific performance, or an action at law to recover damages?

It follows, from what has been stated, that the judgment appealed from must be reversed and a new trial granted, with costs to abide the event.

BOCKES, J.:

Passing the preliminary and formal proof, preceding the introduction of the contract, we take the case as it stood on the trial at the time and following the reception of that paper in evidence. The case may then be considered as if the note in suit and the contract of purchase and sale (wherein the note had its origin) were put in evidence simultaneously. Having this preliminary proof as a basis, the action was an action at law to recover part of the purchase-money, by the defendant agreed to be paid to the plaintiff for certain premises which the latter had contracted to convey to the former, free from all incumbrances. The deed was to be delivered and the purchase-money was to be paid at one and the same time. The obligations of the parties were, therefore, concurrent and dependent. The contract provided for simultaneous performance by each, so neither was bound to perform, save on performance or tender of performance by the other. The plaintiff, then, in order to establish her right of recovery for the purchase-money, was bound to show performance or a tender of performance on her part. A refusal to accept performance, or a readiness and willingness to perform at the time and place where performance may be required, has sometimes been held to be tantamount to a tender. But until proof be given of performance or its equivalent by the party suing at law, his right of action remains incomplete. This proof, as has been suggested, was a prerequisite to the right of recovery by the

plaintiff in this case, yet the contrary of this seems to have been held at the trial. Instead of requiring the plaintiff to show performance on his part, the onus of proof was cast on the defendant to establish the plaintiff's default.

This ruling was made principally, if not entirely, on the ground that the defendant had given his note for the part of the purchase-money sought to be recovered. But this fact, under the circumstances of this case, in no way changed the obligations of the parties as regards the duty of performance by them respectively, with a view to a right of action by one against the other, as it was expressly provided in the agreement that the note in suit should be paid, with the balance of the purchase-money, on the fifteenth of December, at which time the conveyance of the premises, free from incumbrances, was to be made and delivered. On looking into the contract it will be seen that delivery of the deed by one party, and payment of the note and money by the other, were to be simultaneous acts. That a part of the purchase-money agreed to be paid was evidenced by a note in the hands of the plaintiff made the case no different on the law, from what it would have been had no note been given. The requirements of the law remained the same, to wit, that before the plaintiff could recover the purchase-money, she was bound to show performance or tender of performance on her part. The theory of the trial, on which the various rulings were made, was this: that the plaintiff had an "*advantage*" in holding the note given for part of the purchase-money, and so the learned judge charged that the effect of such advantage was to cast upon the defendant the burden of showing the plaintiff in default. The defendant was held to this rule to the end of the trial. In this the learned judge was in error.

It is suggested that this question of tender of performance or its equivalent was submitted to the jury, and was determined by them in favor of the plaintiff. The answer to this suggestion is: First, that it was submitted to the jury under the erroneous rule above indicated, a rule which gave the plaintiff an illegal advantage in its determination; and second, it was held in effect, that the plaintiff might recover without showing performance on her part, and in point of fact the evidence will not sustain a finding that the plaintiff either performed or tendered performance, for it appeared that the

premises were apparently incumbered. If it be said that the apparent incumbrances were in fact satisfied, it must be replied that such proof was not given, and by the court was held to be unnecessary.

Judgment reversed, new trial ordered, costs to abide the event.

LEARNED, P. J., concurred in the result.

Judgment and order reversed, and new trial granted, costs to abide event.