By the Court. Bosworth, J.
The defendant’s counsel insisted that the sale to Sloan of a privilege to use one of the walls in question as a party wall for. twenty years conveyed no. interest in the realty, and therefore was no breach of defendant’s covenant to the plaintiff. That it was a mere license, and passed no estate in the leasehold premises.
The terms of the covenant (among others) are, that “the assigned premises now are free and clear of and from all former and other grants, bargains, and encumbrances whatsoever.”
By the deed to Sloan, the defendant did “ bargain, sell, and assign” to him the privilege to use the wall as a party wall of a building to be erected adjoining to it, for and during the whole unexpired term of. the lease. This was an absolute and irrevocable grant of a right to use a portion of the premises assigned to the defendant, and excluded the possibility of the defendant making the same use of the wall, or selling, and granting to any one the right to so use it.
It is sufficient to say that the right granted was not revocable, *335 and was permanent. It would endure as long as the lease of the premises affected by it. It is in the nature of an easement. It creates a paramount right to the extent of the interest granted, and we have no doubt that it is an encumbrance within the proper meaning of the term as used in the defendant’s covenant. (Prescott v. Trueman, 4 Mass. 627. Wolfe v. Frost, 4 Sand. Ch. R. 72-89.)
The more important question relates to the proper rule of damages.
The general rule is, that in an action upon a covenant against encumbrances, the plaintiff will recover only nominal damages, unless he has been evicted or has satisfied the encumbrance. He may pay off the encumbrance if he chooses to do so, and in such a case will recover the amount paid with interest, if it do not exceed the consideration paid for the land. (Delavergne v. Norris, 7 J. R. 358. Hall v. Dean, 13 J. R. 105.)
In Prescott v. Trueman, Ch. J. Parsons says that, “ where a subsisting easement is alleged as the encumbrance, the injury arising from the easement, or the fair and reasonable price paid by the grantee to extinguish it, of which the jury will judge, is the measure of the damages.”
The general rule undoubtedly is that in an action upon a covenant against encumbrances, whether it be a judgment, mortgage, right of dower, or a paramount right to the land or some part of it, if he has not paid off the mortgage or judgment, or extinguished the right of dower or paramount right, as the case may be, he shall recover only nominal damages. The reason of the rulé is, that he shall not be permitted to recover back the consideration paid for the land, and still hold it on a contingency that he may never be disturbed in his possession. He must first extinguish, the encumbrance, so that it cannot afterwards prejudice the grantor before he will be permitted to recover the amount of it, or the amount fairly and necessarily paid to extinguish it.
- In this case the easement has not been extinguished, but is still subsisting. In the nature of things it cannot well be extinguished, except by the plaintiff’s purchasing the dominant tenement. It cannot be deemed feasible to extinguish it, by a *336 purchase or assignment of the privilege, without the payment of much more than the privilege is found by the jury to be worth.
Sloan has entered into the use and enjoyment of the privilege granted to him, has erected a building adjoining the one in question, and made a wall of the latter a party wall of the newly erected building. His occupation and possession of the wall of the building in question, so far as it is used as a party wall of the new building, is exclusive of, and excludes the use of it by any other person for the same purpose.
It is virtually an eviction of the plaintiff by force and virtue of a grant from the defendant to Sloan, co-extensive with the nature and extent of the interest granted. If instead of the grant in question, the defendant had underlet for the unexpired term a specific parcel of the assigned premises, and the lessee had entered into possession under his lease, what would be the measure of damages ?
The rule seems to be, in case the eviction be only of a part of the land purchased, that a recovery under the covenant of seizin can be had for only a ratable part of the original price, and it must bear the same ratio to the whole consideration, that the value of' the land to which the title has failed, bears to the value of the whole premises. And it is also laid down as settled law in this state, that “ the ultimate extent of the vendor’s responsibility, under all or any of the usual covenants in his deed, is the purchase money with interest.” (4 Rent Com. 476, 477 5 J. R. 49; 12 id. 126; 10 Wend. 142.)
Assuming this to be the true rule, and that the plaintiff may be deemed to have been evicted to the extent and according to the nature of the interest granted to Sloan, the technical expression of the proper measure of damages would be such sum as represents truly the relative value x of the interest granted to the value of the whole premises.
Whether such proportionate value is more or less than the actual value of the interest granted, does not expressly appear. Ho objection appears to have been made on the trial, nor was it taken on the argument, that such relative value might possibly be less than the actual value of the privilege granted.
*337 The objection taken on the argument was, that only nominal damages could be recovered, while the easement or privilege was existing and unextinguished.
We do not, under the peculiar facts and circumstances of this case, deem it a duty to grant a new trial, on the mere conjecture, that on investigation the relative value of the interest granted to that of the whole premises, may possibly be less than the actual value of the interest granted, as no such position has been taken ‘by the defendant’s counsel.
The affirmation, that the privilege granted “ was not any damage to the plaintiff’s building,” we understand to simply mean, that the exercise and enjoyment of the privilege do not impair its stability, or the value of its use for the purposes for which it was designed and is occupied.
Such a fact is no more an answer to the plaintiff’s claim to damages for a breach of the covenant, than the fact that a failure of title to, or a prior lease of part of a farm granted, is no damage to the residue, would be an answer to an action for damages on a covenant of seizin covering the whole. The residue might be as valuable in and of itself, without as with that, the title to which had iailed. That would be no reason why the grantee should not recover a proportionate part of the consideration, to indemnify him for the loss of that, from which he had been evicted by a paramount title.
The judgment appealed fron; must be affirmed with costs.