No. 864.

## JUDSON v. ROMAINE ET AL.

CONTRACT.—*Made for Benefit of Third Person.*—*May Accept and Enforce, or Rescind.*—A person in whose favor a contract has been made, may accept the same and enforce it; as, where A. assumes the payment of a debt owing by B. to C., C. may accept and enforce the contract against A., or C. may rescind it before it is accepted.

ATTORNEY'S FEES.—*When Recoverable.*—*Contract.*—*Attorney and Client.*—A contract to pay attorney's fees is a contract of indemnity to secure the holder of the note against any liability which he may incur in the event he should be compelled to employ an attorney to enforce the collection of the debt, and the plaintiff is not entitled to judgment for attorney's fees, unless an attorney, of necessity, was employed to collect the debt.

PRACTICE.—*Question, How Saved for Appellate Court.*—*Appeal.*—*Appellate Court Practice.*—In order to present a question for decision to the Appellate Court, as to irregularities or abuse of discretion in the proceedings of the trial court, the foundation must be laid in an exception to the ruling of the trial court.

From the Elkhart Circuit Court.

*F. E. Baker* and *C. W. Miller*, for appellant.
*H. C. Dodge*, for appellees.

LOTZ, J.—On the 14th day of October, 1884, the appellee Levi W. Deitch was the owner of a stock of goods and merchandise of the value of $2,000. He was indebted to divers creditors in the sum of $2,468, for which he had given his several promissory notes, on some of which, aggregating $1,423, one Henry Deitch had become the surety of said Levi, and on the others, aggregating the sum of $775, the appellant had become surety of said Levi. At that time the said Levi Deitch proposed to said Henry Deitch and the appellant, Judson, that he would transfer and turn over to them the whole of said stock of goods if they would pay the debts on which they were severally liable, and save him, the said

Levi, entirely harmless and free from said debts. This proposition was accepted, reduced to writing, and signed by the parties, and the stock of goods was turned over and placed in the possession of said Henry Deitch and John L. Judson. The notes on which the said Henry Deitch and said Judson had become surety were described in the written agreement. Thereafter, on November 20th, 1884, the creditors of Levi Deitch having reduced some of the notes on which Henry Deitch was surety to judgment, the said Henry Deitch and John L. Judson thereupon entered into a new agreement, whereby the said Judson became replevin bail for stay of execution on the judgments rendered against said Levi and Henry Deitch, and the said Henry Deitch transferred his interest in said goods to said Judson. Levi W. Deitch was not a party to this contract. At the time said Judson became replevin bail, he did not understand that, by the terms of the original agreement, he was liable for, or had agreed to pay, all the notes described therein, but believed that he was liable only for the notes which he had signed as surety. Thereafter, on November 25th, 1884, the said Henry Deitch and the said Judson made another agreement with each other, whereby the said Henry Deitch became the purchaser of all of said goods, and in consideration thereof executed his notes payable to said Judson for the sum of $800, and secured the same by mortgage on real estate. The purpose of the mortgage was to indemnify the said Judson from the liability he had incurred as replevin bail for Henry Deitch, as aforesaid. Said notes and mortgage having been duly executed, the goods were accordingly delivered to said Henry Deitch, and said Henry Deitch placed the said Levi Deitch in possession, to make sale of the same for him, the said Henry Deitch. All of the notes described in the original agreement were not paid. Several of the

notes were made payable to Edward R. Kerstetter, who was then the guardian of the appellee, Romaine. One of such notes was reduced to judgment by said Kerstetter, but said judgment has never been paid. Romaine having attained his majority, the notes and judgment were transferred to him. This action was brought on the agreement for the payment of the notes. The notes which it was sought to make the appellant liable for were three, one of $250 and one of $500, and the one reduced to judgment. Issue was joined, and certain questions of fact were submitted to the jury. The court, at the request of the parties, made a special finding of the facts, and stated the conclusions of law. The special findings show that one note for $250 was included in the agreement by the mutual mistake of the parties, and as to this note there was a finding in favor of the appellant on his counterclaim. The court found for the appellee on the $500 note, and on the note which had been reduced to judgment. It also found that $200 was a reasonable attorney's fee, and rendered judgment in favor of Romaine in the sum of $1,400.50. Appellant excepted to the conclusions of law, and this is one of the errors assigned. He then moved to modify the judgment, and made a motion for a new trial. These motions were overruled, and each of these rulings is assigned as error. It is well settled by the decisions in this State that a contract made for the benefit of a third person may be accepted and enforced by him. *Carnahan* v. *Tousey*, 93 Ind. 561. It is equally well settled that such contract may be rescinded before it is accepted. *Berkshire Life Ins. Co.* v. *Hutchings*, 100 Ind. 496.

Appellant's contention is that the facts show that the contract for the payment of the notes was rescinded before acceptance. In this we can not agree. Levi W. Deitch parted with the title to the stock of goods in con-

sideration that the notes described in the agreement should be paid. He never received the title back, nor do the findings show that he ever received anything in lieu thereof, except the promise to pay the notes described in the agreement. He has never been placed *in statu quo*.

The motion to modify the judgment was based upon the amount of attorney's fees allowed by the court. A contract to pay attorney's fees is a contract of indemnity. Its purpose is to make the holder of the note secure against any liability which he may incur in the event he should be compelled to employ an attorney to enforce collection of his debt. The $500 note is not the basis of this action, nor is there any finding that the note was ever placed in the hands of an attorney for collection, or that any liability was incurred for that purpose. We think the appellee was not entitled to recover attorney's fees, and that the motion to modify should have been sustained.

Appellant has discussed several questions arising under the last assignment of error, the overruling of the motion for a new trial. It is first insisted that the findings are not sustained by the evidence. We find the evidence conflicting, and must decline to weigh it.

The next causes discussed are the alleged irregularities in the proceedings of the trial court and the abuse of discretion by the court in having required the jury to try certain questions of fact, and then without intimating that it was not satisfied with the jury's answer, setting them aside and making a finding of its own contrary thereto.

It is not necessary for us to determine the merits of this contention, for the record shows that at the time such action was taken by the court, the appellant made no objection thereto and took no exception to such pro-

ceedings.    The general rule is that in order to present a question for decision to an appellate court, the foundation must be laid in an exception to the ruling of the trial court.    *Taylor* v. *Trustees, etc.,* 7 Ind. App. 388, 34 N. E. Rep. 655.

We have carefully examined the other causes discussed by counsel, and find no error authorizing the granting of a new trial.    Appellee's counsel has expressed his willingness to enter a remittitur of the attorney's fees if this court should hold the amount assessed improper. The cause is therefore affirmed on condition that the appellee enter a remittitur of $200 of the principal of the judgment, as of the day of rendition, within thirty days, in the court below, otherwise the cause will be reversed. Appellee to pay costs of this appeal.

Reinhard, J., absent.

Filed Dec. 12, 1893.