(12 Misc. Rep. 1.)

### CREE v. BRISTOL.

(Common Pleas of New York City and County, General Term. April 1, 1895.)

CONTRACTS—INTERPRETATION—EXPRESSIO UNIUS.

An express provision in a contract for forfeiture of rights under it precludes an implication of other causes of forfeiture.

(Syllabus by the Court.)

Appeal from trial term.

Action by Helen K. Cree against John I. D. Bristol. From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before BISCHOFF, PRYOR, and GIEGERICH, JJ.

Henry A. Powell, for appellant.

Louis S. Phillips, for respondent.

PRYOR, J. The plaintiff, as assignee, sues for commission on renewal premiums; and whether she be entitled to recover depends upon the construction of the contract on which she founds her action. The defense is that by an express provision of the contract plaintiff's assignor was to be paid his commission "while he retained his agency, and no longer," and that his right was lost by a termination of the agency. But this term of the contract is a general regulation of the relations of the parties, and is subject to qualification by its special provisions, namely: First, in case of the death of the defendant, or the discontinuance of his connection with the company, the plaintiff's assignor should be entitled to the commission for two years; secondly, in case of the death of the plaintiff's assignor his representative or widow was to be paid the commission for two years; and, thirdly, in the event the plaintiff's assignor should cease "active and reasonable effort for new business for the company, he should receive the commission for two years." The decision turns upon the distinction between a total termination of the agency and a languid and inefficient execution of a continuing agency. The plaintiff's assignor became "a free lance," and so ceased to be the exclusive agent of the company; but this with the consent of defendant, and upon the express understanding that his renewal commission was not to be forfeited. The defendant contends, however, that in any event the agency was ended by his discharge of the plaintiff's assignor. But the contract makes specific provision for the forfeiture of the commission by dismissal, namely, when the plaintiff's assignor "shall neglect or fail to pay over any moneys or property, then and from thenceforth the agency hereby created shall at once cease and determine, and thereafter be at an end; and said agent shall not thereafter be entitled to any commissions or compensation for any renewal premiums" It is

not pretended that the discharge of plaintiff's assignor was for the cause here distinguished, and the rule of expressio unius would prevent a forfeiture of his right for any other default.

It is argued that the general provision that the plaintiff's assignor should receive the commission only while agent suffices to defeat the action. But the language is, "while he retains the agency," plainly discriminating between a voluntary renunciation of his rights and a compulsory forfeiture of them by the act of the defendant. Whether, within the sense of the contract, the agency of the plaintiff's assignor had been determined, was a question for solution upon conflicting evidence; and that issue, submitted in a charge acceptable to the defendant, the jury have decided against him. We see no reason to disturb the verdict. Judgment and order affirmed, with costs. All concur.