(13 Misc. Rep. 223.)

## HIGGINGS v. EAGLETON.

(Common Pleas of New York City and County, General Term.   June 27, 1895.)

1. LAND CONTRACTS—RESCISSION—ACTION AT LAW—EQUITABLE RELIEF.
    Where one rescinds a contract for purchase of land on account of incumbrances, and brings an action at law for money paid and damages, and no equitable relief is asked by either party, it does not avail defendant that the incumbrances were removed before trial.

2. SAME—CONSTRUCTION.
    The expression in a land contract that the northerly wall is a party wall indicates that the other walls are independent structures.

3. SAME—INCUMBRANCES.
    A lot is subject to an incumbrance, within the meaning of a contract of sale thereof providing against incumbrances, where the beams of a building situate on another lot owned by the vendor, and subject to a mortgage, extend into a wall wholly situate on the lot contracted to be sold.

4. SAME—OBJECTIONS TO TITLE.
    Where an objection to the title to a house contracted to be sold is made by the purchaser on the ground that it is "incumbered by an easement in favor of the owner of the adjoining house," in that the beams of said adjoining house are inserted in the wall of the house contracted to be sold, the term "owner" is broad enough to include the mortgagee as well as the legal owner of the house.

5. SAME—TENDER.
    A purchaser can rescind a contract and sue for damages without making a formal tender, where vendor cannot give a clear title.

6. SAME—DAMAGES—EXPENSES OF EXAMINING TITLE.
    A purchaser who rescinds a contract because of incumbrances can recover the expenses of examining title.

Appeal from trial term.

Action by Luke Higgings against Thomas Eagleton for breach of contract to convey land free of incumbrances.   From a judgment for plaintiff, defendant appeals.   Affirmed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

A. H. Stoiber and Ezekiel Fixman, for appellant.
John J. Macklin and James F. Swanton, for respondent.

PRYOR, J.   The plaintiff entered judgment, on a verdict directed by the court, for the sum of $1,350, of which $1,000 was paid by plaintiff, on account of the contract price of premises known as "420 Hudson Street," in the city of New York, with interest, and $200 for plaintiff's expenses in examining the title.   Defendant appeals from the judgment, and from an order denying a motion for a new trial.   Defendant agreed to sell to plaintiff the premises No. 420 Hudson street, 23 feet front and rear, by 60 feet on each side, the northerly wall being a party wall, and, on receipt of the contract price, to convey the premises by a proper deed containing a general warranty and the usual full covenants for conveying and assuring to plaintiff the fee simple, free from all incumbrances, except a mortgage of $20,000, certain specified tenancies, and certain covenants against nuisances.   At the time appointed for closing the title defendant tendered a deed, unexceptionable in form; but plaintiff objected to the title on the ground "that the premises are now

incumbered by an easement in favor of the owner of the adjoining house on Leroy street, in that the beams of said house are inserted in the wall of the house you contracted to convey free from any incumbrance." Other objections were that the premises were incumbered with a mortgage of $26,000; taxes, $228; and water taxes, $25, —none of which were mentioned in the contract. Defendant tendered a release and checks for, and offers to pay, the taxes. Defendant claims that plaintiff waived strict performance in respect to these incumbrances. Webster v. Trust Co. (N. Y. App.) 39 N. E. 964. Plaintiff elected to rescind the contract, so notified defendant, and demanded the returns of the $1,000 paid on the contract, and $500 damages; but no damages were shown on the trial or recovered, other than the $200 expense in examining the title. The action is at law, not in equity; and proceeds on the theory that plaintiff was justified in rescinding, and did rescind, the contract at the time appointed for closing the title. No equitable relief is demanded by either party; and they are concluded by the form of the action. Zorn v. McParland (Super. N. Y.) 28 N. Y. Supp. 485.

The evidence shows that the vendor was the owner of both parcels of land, No. 420 Hudson street and No. 3 Leroy street (St. Luke's Place); that the houses were built together in 1855; that beams of the house No. 3 Leroy street extended over and were inserted about four inches in the rear wall of No. 420 Hudson street; that said wall was entirely on the premises contracted to be conveyed; that there was a mortgage on No. 3 Leroy street; that defendant's attorney proposed to have defendant sign a release of the easement, but did not procure or tender the release, as plaintiff objected that, signed by him alone, it would be unavailing. Plaintiff was ready and willing to perform his part of the contract, but made no tender, because advised that it would be useless, since defendant could not convey a clear title. There is no evidence that plaintiff knew of the situation of this rear wall at the time he signed the contract. The expression in the contract that the northerly wall is a party wall very clearly indicates that the other walls are independent structures. O'Neil v. Van Tassel, 137 N. Y. 297, 301, 33 N. E. 314. When a wall, as in this case, is wholly on one of two contiguous lots of land, yet subject to appropriation and use for the purpose of a party wall, it constitutes an incumbrance or defect in the title of the lot on which it stands (Giles v. Dugro, 1 Duer, 331); and a right of action immediately accrues on the covenant against incumbrances by reason of the breach thereof (Mohr v. Parmelee, 43 N. Y. Super. Ct. 320). If the owner of two adjoining lots erects a house on each, with a party wall between them, and conveys them on the same day to two different purchasers, but one of the deeds excludes the party wall, the purchaser of the other house is nevertheless charged with having the wall stand as a support to the other house,—at least, as long as the building will endure. Rogers v. Sinsheimer, 50 N. Y. 646.

It is plain that the rear wall of the premises which defendant agreed to sell was incumbered with an easement not mentioned in the contract; that the deed tendered by defendant would not have extinguished it; that the release signed by defendant alone, which

his attorney proposed to have executed, but did not tender, would have been unavailing without the consent of the mortgagee; and that, even with the deed and the release of the easement signed by both vendor and the mortgagee, the beams would still have remained a physical incumbrance menacing the free use and possession of the wall. Whether or not defendant offered to remove the beams, the fact remains that they were not removed. Had plaintiff taken title with the beams still in the wall, it would have cost something to re- move them, and considerable damage to No. 3 Leroy street. Plain- tiff denied, however, that such proposition was made. The mort- gage on No. 3 Leroy street was canceled after the rescission of the contract and before the trial; but as specific performance is not sought in this action, such a cancellation does not help the defend- ant. Mott v. Ackerman, 92 N. Y. 539.

Defendant claims that plaintiff did not object to the title on the ground that there was a mortgage on No. 3 Leroy street which prevented a release of the easement. We think the term "owner," used by plaintiff in his objection to the title, is broad enough to in- clude both the vendor and the mortgagee,—the legal, as well as the equitable, owner.

At the close of the case, defendant moved to dismiss the complaint, on the ground that there was no proof of tender made, so as to en- title plaintiff to any damage by reason of defendant's failure to carry out the contract; but the court properly denied the motion. In Bigler v. Morgan, 77 N. Y. 312, 317, the referee found that no formal tender was made by plaintiff; that plaintiff was ready and willing to perform; that defendant could not convey a clear title. And plaintiff recovered judgment for $500 expended in searching the title, which was affirmed by the general term and the court of ap- peals. The expert witness Kenelly testified, without contradiction, that in his opinion the fact that the beams were inserted in the wall of 420 Hudson street did not affect the value or salability of that property. This opinion differs from the opinion of the court in Giles v. Dugro, 1 Duer, 331, where it is held that more than nominal damages might be recovered because of the easement. The defend- ant requested the court to submit to the jury the question whether the purchaser was or was not justified in refusing to accept the title because of the fact that the beams in the house No. 3 St. Luke's Place (Leroy street) were inserted in this wall, and more especially because, according to the testimony, the insertion of the beams in the wall had no effect upon the value of the property. If this sub- mission had been made, and the jury had found for the defendant, it would have been the duty of the court to set the verdict aside. The request was therefore properly refused.

Judgment affirmed, with costs. All concur.