## DARROW v. CORNELL et al.

(Supreme Court, Appellate Division, Third Department. May 4, 1898.)

1. VENDOR AND PURCHASER—RESCISSION—NOTICE.
   Under an agreement to convey land, performance of which has been indefinitely extended by consent, the vendee, on electing to rescind, must give notice and a reasonable time for performance.

2. SAME—PERFORMANCE—TIME.
   An agreement to convey lands had been entended indefinitely by consent. The vendee proposed to abandon possession, and notified the vendors that he would hold them in damages for failure to perform the contract, but at

their solicitation remained in possession as tenant on condition that the contract should be performed on or before a day certain, and continued negotiations. *Held* to continue the contract in force to the time stated.

3. SAME—SPECIFIC PERFORMANCE.

The vendee in an agreement to convey lands, the time of performance of which had been extended indefinitely by consent, gave notice that, if the contract was not performed on or before a day certain, he would "make other arrangements absolutely and unqualifiedly." The conveyance was not made within such time. *Held*, that time became of the essence of the contract, and the vendor was not entitled to specific performance.

4. SAME—TENDER OF TITLES.

A tender of conveyances of title of land under an agreement to convey should be made at the vendee's residence, or the place specially agreed, and tender to his attorney is bad.

5. SAME—MARKETABLE TITLE.

A vendee of land is entitled not merely to a good, but a marketable, title; and tender of conveyances, where there are outstanding titles of record which are not brought in by recording the grantor's title thereto, or tendering his deeds therefor, is bad.

6. SAME—RESCISSION—ACTION FOR DAMAGES.

A vendee under an agreement to purchase lands cannot maintain an action for damages in addition to rescinding the contract unless he has performed the conditions of such contract imposed on him, or made tender thereof.

Appeal from judgment on report of referee.

Action by Stephen C. Darrow against Stephen C. Cornell and others. Defendants filed an answer and cross petition for specific performance. There was a dismissal of the complaint, and a decree for defendants, and plaintiff appealed. Modified.

The plaintiff, on the 6th day of March, 1889, entered into a contract with Jacob N. Doty, deceased, by which the latter agreed to sell and convey to him, by a good and sufficient warranty deed, a farm of 87 acres, situated in Easton, Washington county, N. Y., for the sum of $3,000. By the terms of the contract the plaintiff was to pay the interest annually on the said purchase price, and the taxes until the 1st day of April, 1894, when the deed was to be delivered to the plaintiff, and a mortgage executed by him securing the payment of the purchase price, as in the agreement specified. The plaintiff entered into possession of the farm on the 1st day of April, 1889, and during his occupancy paid interest reserved in the contract to the amount of $720, and $103 as taxes, and put on said premises permanent repairs and improvements of the value of $1,000. On June 17, 1891, the said Jacob N. Doty died, leaving a last will and testament, which thereafter was duly admitted to probate by the surrogate of Washington county, and letters testamentary issued to the executors therein named. The defendants in the action are said executors, the legatees or devisees named in said will, and Charles C. Van Kirk, to whom one of said devisees had conveyed his interest in said farm and contract. On the 1st day of April, 1894, when, under the provisions of the contract, the deed was to be delivered to the plaintiff, and the mortgage executed by him, the time for the performance of the contract was postponed by consent of the parties interested. Negotiations in reference to a performance of the contract continued between them until the 22d day of December following, when such negotiations ceased. The plaintiff afterwards commenced this action to recover damages for an alleged breach of the contract in consequence of the failure of the defendants to execute and deliver a deed of the premises described therein pursuant to the terms and conditions thereof. The defendants denied such breach, and, alleging a performance of the contract on their part, claimed as affirmative relief specific performance thereof. The referee before whom the case was tried found that the defendants had duly performed the contract on their part, and directed a dismissal of the complaint, and an entry of a judgment in favor of the defendants for a specific performance of the contract by the plaintiff. Other facts are stated in the opinion.

Argued before PARKER, P. J., and LANDON, HERRICK, PUT-
NAM, and MERWIN, JJ.

C. H. Sturges, for appellant.
C. C. Van Kirk, for respondents.

PUTNAM, J.   It is to be inferred from the record that both the
plaintiff and the defendants endeavored in good faith to perform the
contract.   Negotiations to that end were continued from April 1
to December 22, 1894, and both parties were at much trouble and
expense in the matter.   It cannot be doubted that the plaintiff was
desirous of obtaining a deed of the farm.   He had contracted for it
with a view of securing a home.   He had expended over $1,000 in
permanent improvements and repairs.   During the negotiations he
employed a surveyor to plot the land, and an attorney to search the
records, at a considerable expense; and he consented to an ex-
tension of the time for the delivery of the deed over eight months,
in order to allow the defendants to cure defects in their title to the
said farm.   He appeared to have been desirous of carrying out the
provisions of the contract, and I see no reason to doubt that he
acted in good faith in the transaction.   It is true, as claimed by the
learned counsel for the respondents, that on and after April 1,
1894, the time for the performance of the contract having by consent
of the parties been extended indefinitely, the plaintiff, before electing
to rescind, was compelled to give the defendants notice, and a rea-
sonable time in which to perform.   Darrow v. Cornell, 12 App. Div.
604–607, 42 N. Y. Supp. 1081.   But I am unable to agree with his
view as to the effect of the notice of October 19, 1894, which the
plaintiff served upon the defendants.   No more force or effect should
be given to this paper than its language warrants.   In the notice the
plaintiff did not rescind the contract, or refuse to perform it.   He
charged the defendants with a failure to perform, and gave them
notice that on account of such failure he should hold them responsible
for damages he had sustained.   It is true that the plaintiff at the
time proposed to abandon the possession of the premises, but by the
communication of Mr. Van Kirk of October 24th, and the answer of
the plaintiff of October 26th, the parties came to an agreement as to
the terms on which the plaintiff should thereafter occupy the prem-
ises.   By such agreement the contract was modified so that the
plaintiff should continue such occupancy as a tenant instead of a
vendee in possession under the contract, and the time for the per-
formance of the agreement was extended to December 22d at noon;
the agreement that the plaintiff should thereafter occupy as tenant
evidently being only intended to remain operative in case the de-
fendants were unable, in the time to which the performance of the
contract was extended, to tender a marketable title.   The arrange-
ment in fact made left the contract as thus modified in full force.
And afterwards the parties continued active negotiations, which were
continued up to December 22d, with a view of a performance of the
contract.   They treated, and evidently regarded, the contract as in
force, as it in fact was, with the modification above referred to.
I think, therefore, that the contract, as thus modified, remained in

force, the time for its performance being, by the consent of both par-
ties, extended to December 22, 1894. The letter of the plaintiff
to Mr. Van Kirk of October 26, 1894, was in fact a consent to extend
the time to perform the contract up to December 22d at noon. It is
true that in the letter the plaintiff stated that if he (Mr. Van Kirk),
desired "to settle" with him it must be done on or before December
22d. But the differences between the parties which were to be
settled related solely to the defendants' title to the farm in question.
It appearing, therefore, that each party had until the 22d day of
December, 1894, at noon, to perform the contract, I will consider, in
the first instance, whether, under the facts disclosed by the record,
the defendants were entitled to the judgment awarded them for a
specific performance of the contract. To entitle them to that relief,
it should appear from the testimony that on or before the 22d day
of December the defendants had performed, or tendered performance
of, the contract. Flynn v. McKeon, 6 Duer, 203; Hoag v. Parr, 13
Hun, 95–99; Eddy v. Davis, 116 N. Y. 247–254, 22 N. E. 362; Leaird
v. Smith, 44 N. Y. 618–623. Mr. Van Kirk, on Saturday, the 22d
day of December, mailed deeds from the defendants to the plaintiff
to Mr. Stiles, which were received by the latter on the following
Monday, and immediately returned. No other tender or performance
was made. I think this tender was insufficient. It was made too
late. In his letter of October 26th, above referred to, to Mr. Van
Kirk, who acted for all the defendants, Mr. Darrow said:

"As you know, I am a farmer, and I must make arrangements for the ensuing
year for a farm at some place. This requires some time, so I may be able to
move or prepare to put in crops for the ensuing year, and, if it is desired to settle
with me, it must be done on or before the 22d day of December, 1894, at noon,
or I shall make other arrangements absolutely and unqualifiedly. This matter
must be finally closed, and papers signed to that effect, if a compromise is made;
otherwise, as a tenant, I shall leave the place on or before April 1st, 1895."

It has been held that:

"The parties to a contract may, by its terms, make the time of performance
essentially important, and its observance in that respect requisite to relief. Bene-
dict v. Lynch, 1 Johns. Ch. 370. And, when that is not so, either of the parties
to the contract may, by a reasonable notice to the other party for that purpose,
render the time of performance as of the essence of the contract and avail himself
of forfeiture on default." Schmidt v. Reed, 132 N. Y. 108–113, 30 N. E. 373;
Myers v. De Mier, 52 N. Y. 647.

In the letter of October 26th the plaintiff clearly and explicitly
notified the defendants that he should require a performance of the
contract on or before December 22, 1894, at noon. The effect of
this communication was to make time as of the essence of the con-
tract, and the defendants were bound to perform, or offer to per-
form, at or before the time mentioned. A tender to Mr. Stiles was
unauthorized. Clearly, the offer to perform should have been made
to the plaintiff personally at his residence, or at the place mentioned
in the contract for its performance.

Again, the plaintiff was entitled to receive from the defendants
not only a good, but a marketable, title to the farm in question.
Vought v. Williams, 120 N. Y. 253, 24 N. E. 195; Irving v. Campbell,
121 N. Y. 353, 24 N. E. 821; Moore v. Williams, 115 N. Y. 586, 22 N.

E. 233. He was entitled to a good record title. McPherson v. Schade, 149 N. Y. 16, 43 N. E. 527; Moore v. Williams, supra. Had the tender or offer of performance made by Mr. Van Kirk to Mr. Stiles, received by the latter on December 24th, been in time, and been made to the proper person, it was insufficient, because it did not offer a marketable title. Mr. Van Kirk offered quitclaim deeds from himself and the executors of Jacob N. Doty, deceased, and a warranty deed from eight of the devisees or legatees, and a paper called a "search," but not certified by the clerk of Washington county, or signed by any person. It is not denied that two deeds necessary to perfect the title of the deceased to the premises in question were not then on record,—one from Angelia Doty to the deceased, and another from Theodore C. Richmond to John G. Edmundson. Neither of these deeds were recorded until after the commencement of the action. There was evidence that the plaintiff's attorney had seen one of the deeds in the possession of Mr. Van Kirk prior to December 22, 1894, but none that he had ever seen the other. Nor did it appear that such last-mentioned deed was mentioned in the paper called a "search," sent by Mr. Van Kirk to Mr. Stiles on December 22d, and received by the latter on December 24th. It is evident that, to make the alleged tender effectual, the defendants should have placed such deeds upon record prior to December 22d, or should have tendered such deeds to the plaintiff, together with those of Mr. Van Kirk and the devisees and executors of Jacob N. Doty, so that the plaintiff could have recorded them. Had the plaintiff accepted the title offered by the defendants, there would have been on the record a defect therein. Had he afterwards had occasion to defend his title in an action, he would have been compelled to obtain those deeds, or, if lost or destroyed, to have proved their execution, delivery, and contents. Without considering other alleged defects in the title offered at the time in question, we think the alleged tender was ineffectual for the reason that the two deeds above mentioned were not then recorded, and were not offered to the plaintiff so that he could record them. A marketable title was not tendered. The defendants, therefore, at the time to which the performance of the contract was extended by consent of the parties, did not perform, or offer to perform, the contract, and were not entitled to a judgment for a specific performance.

It does not result from the conclusion thus reached that the plaintiff was entitled to maintain his action for damages. The time for the fulfillment of the contract was extended from the 5th day of April to the 22d day of December, 1894. It does not appear that on that day, or at any time before the commencement of the action, the plaintiff offered or tendered performance of the covenants of the contract on his part to be performed, or demanded a deed from the defendants. The covenants of the defendants' testator to execute a deed, and of the plaintiff to give a purchase-money mortgage and pay the interest then due, were dependent, and either party, in order to recover of the other, must show performance, or an offer to perform. Carman v. Pultz, 21 N. Y. 547–

549; Leaird v. Smith, 44 N. Y. 618–623; Hoag v. Parr, 13 Hun, 95–99. It is only where it is clearly shown that the vendor was unable to give a good marketable title that an offer of performance by the vendee seeking to recover damages resulting from a breach of the contract will be excused. Higgins v. Eagleton, 13 Misc. Rep. 223, 34 N. Y. Supp. 225; Glenn v. Rossler, 88 Hun, 74, 34 N. Y. Supp. 608. As we have seen, the defendants did not tender performance in time,—time, by the notice contained in the plaintiff's letter of October 26th, having become as of the essence of the contract,—and that their attempted tender served on Mr. Stiles did not offer to the plaintiff a marketable title. But it cannot be said that it was shown that they could not have given one had the plaintiff tendered performance and demanded a deed on the 22d day of December, 1894. Had he made such a tender and demand, and pointed out the objections to the title offered, the defendants might have been able to remedy such defects. The plaintiff, having failed to perform or tender performance on the day to which the execution of the contract was, by consent, postponed, was not in a position to maintain an action for damages.

The judgment, as far as it awards a specific performance in favor of the defendants, should be reversed, otherwise affirmed, without costs to either party on this appeal or in the court below. All concur.