## JOHN C. CLARK *vs.* CITY OF BOSTON.

Suffolk. March 20, 1901. — June 19, 1901.

Present: HOLMES, C. J., MORTON, LATHROP, BARKER, & LORING, JJ.

*Civil Service Act. Veteran. Contract,* Validity. *Evidence,* Extrinsic to vary writings.

St. 1896, c. 517, § 5, forbidding the removal or suspension except after hearing of any "veteran holding an office or employment in the public service of any city or town," does not apply to a veteran, certified by the civil service commissioners for employment as a plumber, who is employed by the chief of the repair division of the public buildings department of a city to do plumbing by the job from time to time when plumbing work is needed.

If one signs a lawful contract in the absence of fraud, duress or imposition he is bound, whatever his voluntary ignorance or involuntary misinterpretation of its words.

CONTRACT, alleging, that the plaintiff was a veteran employed by the city of Boston under St. 1896, c. 517 as a plumber and that thereafter the defendant unlawfully ceased and refused so to employ him. Writ dated October 14, 1899.

At the trial in the Superior Court, before *Hardy,* J., without a jury, there was evidence that the plaintiff was a veteran of the war of the rebellion; that he was registered in the office of the civil service commissioners at the State House as a plumber; that the repair division of the public buildings department of the city of Boston on or before March 3, 1898, made a requisition on the civil service commission for plumbers in accordance

with their practice ; that the plaintiff was duly certified to that division as a plumber and reported at the office of the repair division to one Logue, chief of the division, for work on March 3, 1898, and was told to report for work by Logue on the following day ; that he reported for work March 4, and was told by some one connected with the department, that it would be necessary for him to sign the book before he began work ; that he went into the office and signed the book or register which contained the following printed statement or agreement, printed in large type :

" To the Chief of the Repairs Division of the Public Buildings Department : As an applicant for employment under your division I hereby signify my acceptance of such employment on the distinct understanding that I do not become a permanent employee of the city, and that I am liable to be suspended or discharged at any time when the amount of work to be done, or the appropriation therefor, does not permit the continuance of the full force, as well as for any other reason which you may deem sufficient. I also accept with the understanding that when a reduction is to be made in the force employed you have full discretion as to who shall be kept at work and who shall be suspended or discharged, and that no such action on your part is to give me any ground for complaint or for any claim of discrimination against me.

" I accept employment upon the representation that I am a first-class workman in my trade and that I am to be employed on probation during such time as you may require for proof of my skill in my trade, and my fitness in all respects for employment under your division."

There was evidence, that the plaintiff was a man of ordinary intelligence, who could read and write and had some little property. The plaintiff testified, that he did not know what the statement or agreement which he signed was, and that he did not intend to waive any of his rights.

It appeared, that the plaintiff was furnished work as a plumber at various times from March 4, 1898, to September 1, 1899, and was paid for all the work that he did. The plaintiff testified, that non-veterans had been furnished employment when he, a veteran, was not kept at work ; and that one Mullen, who

was not a veteran, was furnished work when he, the plaintiff, was not actually employed.

The chief of the repair division of the public buildings department testified, that the practice in the repair division was to assign any plumber who was unemployed to any job which came in; that in case a veteran completed the job on which he was at work, and a man who was not a veteran was employed on a job, the non-veteran's employment was not interfered with and he might be employed several days when there was no work for the veteran.

This was all the material evidence. At the request of the defendant, the judge found: 1. That the plaintiff never held an office or employment in the city of Boston, within the meaning of St. 1896, c. 517, § 5. 2. That the plaintiff signed the agreement printed above. The judge also found that the plaintiff signed the agreement without duress or fraud imposed upon him by the defendant or its agent.

The judge, also at the request of the defendant, made the following rulings: 1. Upon all the evidence in the case the finding must be for the defendant. 2. The plaintiff, having waived his rights under the provisions of St. 1896, c. 517, cannot recover in this action. He found and ordered judgment for the defendant; and the plaintiff alleged exceptions.

*F. J. Horgan,* for the plaintiff.

*S. M. Child,* for the defendant.

HOLMES, C. J. The plaintiff is a veteran who, we assume, has worked as a plumber in the repairs division of the public buildings department of the city of Boston. He brings this action for a failure to employ him, when there was work to do, in preference to another man not a veteran, to whom work was given. The right of action is supposed to spring from St. 1896, c. 517, § 5, forbidding the removal or suspension except after hearing of any " veteran holding an office or employment in the public service of any city or town."

Technically the questions sought to be argued are cut off by the finding of the judge before whom the case was tried that the plaintiff never held an office or employment within the meaning of the statute. It does not appear what evidence the judge believed. We could not say that he found that the plain-

tiff ever was employed by the city at all. But we assume that the finding really means that the plaintiff was employed as a plumber from time to time, and was paid for what he did, but was not employed continuously all the time, and that it implies a ruling that the section does not apply to such an employment. Very plainly it does not, and although we should be slow to admit the validity of a contract by which a department undertook to hamper the working of the statute, it would seem that the contract which it is found that the plaintiff signed was intended mainly to emphasize the fact that he was not employed continuously, and so did not fall within the provision upon which he relies.

It needs no argument to prove that when a man is employed only by the job he is not discharged or suspended if he receives no pay and is left free when his task is done. It is not argued that the statutes forbid such a method of employment, which probably is necessary in some kinds of work.

From what we have said it is evident that it is not necessary to consider the suggestion that the contract, if valid, did not waive any rights. But, in view of the argument, it may be worth while to add that of course the plaintiff's testimony that he did not know what the contract which he signed was and that he did not intend to waive his rights, if accepted, would be no answer to a contract not otherwise open to objection. There was no misrepresentation of the instrument, and the plaintiff could read. If a man signs a lawful contract and the other side is not privy to any improper motive for his signing it, such as may be created by fraud, duress, or mistake as to its contents, he is bound, whatever his voluntary ignorance or his involuntary misinterpretation of its words. *Rice* v. *Dwight Manuf. Co.* 2 Cush. 80, 87. *Black* v. *Bachelder*, 120 Mass. 171. *West* v. *Platt*, 127 Mass. 367, 372. See *Donohue* v. *Woodbury*, 6 Cush. 148, 151.

*Exceptions overruled.*