## SNIDER ET AL. *v.* GREER-WILKINSON LUMBER COMPANY.

[No. 7,360. Filed January 5, 1912. Rehearing denied March 29, 1912. Transfer denied November 8, 1912.]

1. CONTRACTS.—*Contract for Benefit of Third Persons.—Enforcement.—Parties.*—A contract may be entered into for the primary benefit of third persons not parties thereto, and, in such case, the persons for whose benefit the contract is made may maintain an action on it in their own names. p. 351.

2. CONTRACTS.— *Public Buildings.— Contractor's Bond.— Liability for Labor and Material.*—A bond to secure the performance of a contract for the construction or repair of public buildings that are not subject to liens, inures to the benefit of persons furnishing material or labor in the performance of such contract, only where there is an express stipulation, either in the contract or bond, that the contractor shall pay all claims for labor and material. p. 352.

3. CONTRACTS.—*Public Buildings.—Contractor's Bond.—Construction.—Liability for Labor and Material.*—Although a contract for the repair of a public school building contained no agreement on the part of the contractor to pay claims for labor and material, where the bond contained a condition providing for the payment by the contractor of all indebtedness incurred by him in carrying out the contract, such condition will be construed as having been made for the benefit of third persons so as to render the sureties on such bond liable in an action by such third persons for labor or material furnished, notwithstanding such persons are not entitled to liens and the bond provided that it was for the use and benefit of all persons who may become entitled to liens under the contract. p. 353.

4.· CONTRACTS.—*Public Buildings.—Contractor's Bond.—Construction.—Liability for Labor and Material.—Condition Restricting Liability to Persons Entitled to Liens.*—While the maxim *expressio unius est exclusio alterius* applies to the construction of contracts, all contracts are to be read and understood in the light of the law applicable thereto, and where a bond to secure the performance of a contract to repair a school building contained a condition providing for the payment by the contractor of all indebtedness incurred by him in carrying out the contract, the further provision therein restricting the benefit of the bond to persons who may become entitled to liens does not have the effect of excluding any one from the benefit of the bond, since such building is not subject to a lien in favor of any one, and such bond will be held to inure to the benefit of all persons to whom the contractor may become indebted on account of such contract.    p. 353.

5.    BONDS.—*Conditional Provision for Attorney's Fees.—Validity of Condition.*—Section 9089 Burns 1908, §5518 R. S. 1881, providing that agreements to pay attorney's fees, depending on any condition, and made a part of any bill of exchange, acceptance, draft, promissory note, or other written evidence of indebtedness, are illegal and void, does not apply to such an agreement contained in a bond given by a contractor to secure faithful performance. p. 356.

From Delaware Circuit Court; *J. G. Leffler,* Judge.

Action by the Greer-Wilkinson Lumber Company against David M. Snider and another. From a judgment for plaintiff, the defendants appeal. *Affirmed.*

*Will P. Koons* and *George H. Koons,* for appellants.

*McClellan & Hensel, Leonard A. Guthrie,* and *Ball & Needham,* for appellee.

LAIRY, J.—Appellee brought an action against appellants to recover on a bond executed by Edmund S. Petro, as principal, and said appellants, as sureties. The School City of Muncie on May 16, 1908, let a contract to said Petro for the improvement of a school building in said city, and the bond in question was executed for the purpose of securing the proper performance of said contract. Appellee was at the time a corporation engaged in the retail lumber business, and, as such, furnished material to said contractor, which

material was used in making repairs on said school building, and this action was brought to recover from the sureties on the contractor's bond for the material so furnished. The contract entered into between Petro and the School City of Muncie is made an exhibit of the complaint, as is also the contractor's bond. Appellee seeks to hold the sureties on the bond, on the theory that the bond executed by them bound the contractor and his sureties to pay for all material furnished and used in making the repairs under said contract. The contract is quite lengthy and it is not necessary to a proper understanding of the points involved in the case to set it out in full.

The bond, executed by said Petro and appellants as sureties, is as follows:

"Know all men by these presents that we Edmond S. Petro and Lawrence H. Klus and David M. Snider, of the City of Muncie, Delaware County, State of Indiana, are held and firmly bound unto the Board of Trustees of School City of Muncie, of said County and State as well as to all persons who may become entitled to liens under the contract hereinbefore mentioned in the sum of four thousand six hundred and fifty ($4650.00) dollars, lawful money of the United States of America, to be paid to the Board of Trustees of School City of Muncie and to said parties who may be entitled to liens, their executors, administrators and assigns; for which payment well and truly to be made, we bind ourselves, one and each of our heirs, executors and administrators, jointly and severally, firmly by these presents. Sealed with our seals; dated this 16th day of May, 1908; The condition of this obligation is such that if the above bounded Edmond S. Petro, his executors, administrators or assigns shall in all things, stand to and abide by, and well and truly keep and perform the covenants, conditions and agreements of the above mentioned contract, entered into by and between the said Edmond S. Petro and the said Board of Trustees of The School City of Muncie, dated on the 16th day of May, 1908 for the construction of the work or works mentioned in the foregoing contract and shall duly and promptly pay and discharge all indebtedness that may be incurred by the said Edmond S. Petro in carrying

out the said contract, and complete the same free of all mechanic's liens, and shall truly keep and perform the covenants, conditions and agreements in the said contract and in the within instrument contained, on his part to be kept and performed, at the time and in the manner and form therein specified, as well as all costs, including attorney's fees, in enforcing the payment and collection of any and all indebtedness incurred by said Edmond S. Petro in carrying out said contract, then the above obligation shall be void, else to remain in full force and virtue.   This bond is made for the use and benefit of all persons who may become entitled to liens under the said contract according to the provisions of law in such cases made and provided, and may be sued upon by them as if executed to them in proper person.   In testimony whereof etc., Signed; Edmond S. Petro, Lawrence H. Klus, and David M. Snider.''

It is the contention of appellants that the complaint is not sufficient to state a cause of action against the sureties on the bond, for the reason that the bond sued on shows on its face that it was intended only for the protection of the School City of Muncie and all persons who may become entitled to liens; and that as appellee was not entitled to a lien, it does not fall within the class for whose benefit the bond was executed, and for that reason it cannot maintain an action on the bond.

If the bond was intended to inure to the benefit of persons who might furnish material for such repairs, and who, under the law, were not entitled to acquire a lien therefor against the building, the complaint states a cause of action; but if it was not so intended, the complaint is insufficient, and the demurrer thereto should have been sustained.

The parties to the bond were the School City of Muncie on the one hand and the contractor and his sureties on the other.   But it is claimed on behalf of appellee that

1.  certain provisions of the bond were made for the benefit of third persons.   A contract may be entered into between two or more parties for the primary benefit of third persons not parties to the contract, and, in such a case, the

persons for whose benefit the contract is made may maintain an action on it in their own names. This proposition is not controverted by appellant and is well supported by authority. *Williams* v. *Markland* (1896), 15 Ind. App. 669, 44 N. E. 562; *Judson* v. *Romaine* (1893), 8 Ind. App. 390, 35 N. E. 912; *Waterman* v. *Morgan* (1888), 114 Ind. 237, 16 N. E. 580; *Carnahan* v. *Tousey* (1884), 93 Ind. 561; *Knight & Jillson Co.* v. *Castle* (1909), 172 Ind. 97, 87 N. E. 976, 27 L. R. A. (N. S.) 573.

It has frequently been held in this State that a bond given to secure the performance of a contract for the construction or repair of public buildings which are not subject

2. to liens inures to the benefit of persons furnishing material or labor in the performance of such contracts, where there is an express stipulation, either in the contract or bond, that the contractor shall pay all claims for labor and material. *Knight & Jillson Co.* v. *Castle, supra; Ochs* v. *M. J. Carnahan Co.* (1908), 42 Ind. App. 157, 76 N. E. 788, 80 N. E. 163; *Brown* v. *Markland* (1899), 22 Ind. App. 652, 53 N. E. 295. A stipulation, to the effect that the contractor shall pay all claims for labor and material when contained in a contract for building or repairing a public structure not subject to liens, can be of no direct financial benefit to the public corporation for which the structure is built, or its agents who let the contract, for the reason that neither such corporation nor its agents can be held personally responsible for such claims, and they cannot be enforced as liens against the building. As persons furnishing material or performing labor are the only ones who can be benefited by such a stipulation, this furnishes a reason for holding, in such a case, that an agreement of this character is intended primarily for their benefit. *King* v. *Downey* (1900), 24 Ind. App. 262, 56 N. E. 680; *United States Fidelity, etc., Co.* v. *American Blower Co.* (1908), 41 Ind. App. 620, 84 N. E. 555. The sureties on a contractor's bond cannot be held liable to persons having claims for ma-

terial or labor, unless there is an express agreement in the contract, or a condition in the bond, requiring the contractor to pay such claims. *Greenfield Lumber, etc., Co.* v. *Parker* (1902), 159 Ind. 571, 65 N. E. 747.

It is admitted by all parties to this appeal that the contract does not contain any agreement on the part of the contractor to pay claims for labor and material, but it will be observed from an examination of the bond heretofore set out that it contains a condition to the effect that if the contractor shall duly and promptly pay and discharge all indebtedness that may be incurred by him in carrying out the contract, and shall complete the same free of all mechanic's liens, the bond shall become void, else to remain in full force. Here is a condition providing for the payment by the contractor of all indebtedness incurred by him in carrying out said contract, which must be construed under the authority of the cases cited as having been made for the benefit of third persons.

It is contended on behalf of appellant that the bond on its face specifies the particular class of third persons for whose benefit it is made, and that no person other than those included within the class so specified can derive any benefit from its provisions. The maxim *expessio unius est exclusio alterius* applies to the construction of contracts. *Cree* v. *Bristol* (1895), 33 N. Y. Supp. 19, 12 Misc. 1; *Hammerquist* v. *Swensson* (1891), 44 Ill. App. 627; *Higgins* v. *Eagleton* (1895), 34 N. Y. Supp. 225, 13 Misc. 223; 2 Parsons, Contracts *515.

An examination of the bond sued on shows that on its face it is made to the School City of Muncie as well as to all persons who may become entitled to liens under said contract, and the penalty of the bond is made payable in like manner. Following the condition, the bond contains this provision:

"This bond is made for the use and benefit of all persons who may become entitled to liens under the said

contract according to the provisions of law in such cases made and provided, and may be sued upon by them as if executed to them in proper person.''

Appellants insist that the bond is explicit as to the persons for whose benefit it was made, and as to those who may sue on it; and that as appellee does not fall within the class of persons entitled to acquire liens, it cannot sue and recover on the bond.

All contracts are to be read and understood in the light of the law applicable thereto. If the language of the contract has a certain and definite meaning when considered in connection with the law applicable to the subject-matter with which it deals, the parties will be presumed to have intended that it should have the legal effect which such language implies. If the language used creates certain rights and imposes certain obligations, neither party to such contract can be heard to say that he did not intend that it should have the effect which the law gives to it. *Rice* v. *Dwight Mfg. Co.* (1848), 2 Cush. (Mass.) 80; *Clark* v. *City of Boston* (1901), 179 Mass. 409, 412, 60 N. E. 793; *Wheaton* v. *Fay* (1875), 62 N. Y. 275; *Clark* v. *Lillie* (1867), 39 Vt. 405; *United States* v. *McDowell* (1884), 21 Fed. 563.

The subject-matter of the contract and bond here in controversy was the repair of a public school building. Under the laws of this State this building could not be subjected to a lien for a claim of any character in favor of any person, and the bond sued on must be considered and understood in the light of this well-settled law.

If the bond does classify the persons to whom the contractor might become indebted in carrying out the contract, and designates one class of such debtors as the persons to be benefited by the condition of the bond, then all other persons not included in the class so specified must be excluded from its benefits.

The only class of third persons named and designated in the bond as entitled to its benefits is ''all persons who may

become entitled to liens under the contract hereinbefore mentioned.'' The class thus named does not include any person, for the reason that no one under any circumstances could become entitled to hold a lien under the contract mentioned. As no one is included within the class named, it must necessarily follow that the naming of such class cannot have the effect to exclude any one, by the application of the maxim *expressio unius est exclusio alterius*. No person can be excluded from the benefits of the conditions of this bond if otherwise entitled thereto, unless some person or class of persons is expressly named and designated as entitled to such benefits. If in carrying out such contract it were possible that the contractor could incur a single item of indebtedness which might, under the law, become a lien on the building, or if a single person, by furnishing material or labor, or in any other way aiding in carrying out said contract, might become entitled to a lien, then such person holding such claim would be within the class designated in the bond as entitled to its benefits, and he might sue and recover on such bond, and all others would be excluded.

When the words employed to indicate the class of persons for whose benefit the bond was executed are considered in the light of the law, and in connection with the contract for the performance of which the bond was given, they are without force, and are meaningless. The bond must therefore be treated the same as though such words had been omitted.

The case of *Gwinn* v. *Wright* (1908), 42 Ind. App. 597, 86 N. E. 453, is cited and relied on by appellants. Nothing in that case is at variance with the conclusion reached or the reasoning employed in this opinion.

The case of *Smith* v. *Bowman* (1907), 32 Utah 33, 38, 88 Pac. 687, 9 L. R. A. (N. S.) 889, cited by appellants, is a case directly in point. In that case, the bond sued on was given to secure the performance of a contract for the construction of a college building, which under the laws of Utah could not be subjected to a mechanic's lien, and it was in all

essential respects the same in form as the bond sued on in
this case. Smith furnished material for the construction of
the building under said contract, which was not paid for,
and he brought an action on the bond. It was held that he
could not recover. From an examination of the opinion in
that case, it will appear that the court, in construing the
bond, treated the class of persons designated therein as enti-
tled to its benefits as real, and did not recognize that such
classification was only apparent. Without further review-
ing this opinion, it is sufficient to say that we can neither
assent to the conclusion nor agree with the reasoning by
which it is reached.

One of the express conditions of the bond was to the effect
that the contractor should duly and promptly pay and dis-
charge all indebtedness incurred in carrying out said con-
tract. This stipulation was clearly intended, as we have
said, for the benefit of persons to whom said contractor
might become indebted on account of said contract. As the
language of the contract does not have the effect to limit the
persons entitled to such benefit to those entitled to liens, it
must follow that appellee may maintain an action on said
bond. The complaint was in other respects sufficient, and
the demurrer was properly overruled.

The motion for a new trial calls in question the correct-
ness of the rulings of the trial court in giving certain in-
structions to the jury, and in refusing to give certain other
instructions requested by appellant. These instructions pre-
sent in another form the same question presented by the
demurrer to the complaint. For the reasons already given,
we are of the opinion that the instructions given properly
state the law, and that the court committed no error in re-
fusing to give the instructions requested by appel-
5.    lants. The provision in the bond in reference to at-
torney's fees is valid, and the court did not err in
instructing the jury that, in case it found for plaintiff it
should award a reasonable attorney's fee. It has been held

that §9089 Burns 1908, §5518 R. S. 1881, providing that agreements to pay attorney's fees, depending on any condition, shall be illegal and void, applies only to bills of exchange, acceptances, drafts, promissory notes and other like written evidences of indebtedness. *American Surety Co.* v. *Lauber* (1899), 22 Ind. App. 326, 53 N. E. 793.

Finding no error in the record, the judgment is affirmed.

NOTE.—Reported in 96 N. E. 960. See, also, under (1) 9 Cyc. 377; (2) 28 Cyc. 1041; (4) 9 Cyc. 582, 584; (5) 5 Cyc. 853. As to the right of a third person to enforce a contract made for his benefit, see 39 Am. St. 531.